# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HELLENIC PETROLEUM LLC, a Florida limited liability company,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ELBOW RIVER MARKETING LTD., a Corporation of the Province of Alberta, Canada, and DOES 1 through 20,**<br><br>**Defendants.** | 1:19-cv-00483-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS.**<br>**(ECF NO. 7)** |

This case concerns claims brought by Hellenic Petroleum LLC ("Hellenic") against Elbow River Marketing LTD ("Elbow River") and Does 1 through 20. This case was filed on April 12, 2019. ECF No. 1. Defendant Elbow River filed a Motion to Dismiss on May 9, 2019. ECF No. 7. Plaintiff filed its Opposition on May 30, 2019, followed by a reply from Defendants on June 6, 2019. ECF Nos. 8, 10. The motion was taken under submission on the papers pursuant to Local Rule 230(g). ECF No. 12.

Hellenic is a company organized under the laws of Florida and with its principle place of business in that state. ECF No. 1 ¶ 1. Elbow River is a corporation of the province of Alberta, Canada, with its principle place of business in that province. ECF No. 1 ¶ 2. The parties contracted for Hellenic to purchase propane from Elbow River for delivery by rail to Modesto, California. ECF No. 7 at 3. Plaintiff brings several causes of action arising from this contract.

Defendant moves to dismiss on the ground that a forum selection clause was incorporated by

1

reference into a contract between the parties, which provided for the "exclusive jurisdiction of the courts of the Province of Alberta" over any disputes arising out of the contract. *See, e.g.*, ECF No. 7-5 at 2. Plaintiff opposes dismissal on numerous grounds, including arguing that this provision was never incorporated by reference. The Court finds neither party has briefed the motion to dismissal according to the correct principles of law. Therefore, Defendant's motion will be **DENIED** without prejudice. In any subsequent motion to dismiss, should one be filed and opposed, both parties shall address the following issues in addition to whatever other briefing is legal, reasonable, and necessary:

    (1) Both parties cite and apply California contract law throughout their briefs. However, here, the contract was for a sale of goods between an American company and a Canadian company. "Such international sales contracts are ordinarily governed by a multilateral treaty, the United Nations Convention on Contracts for the International Sale of Goods ('C.I.S.G.'), which applies to contracts of sale of goods between parties whose places of business are in different States . . . when the States are Contracting States." *See Chateau des Charmes Wines Ltd. v. Sabate USA Inc.*, 328 F.3d 528, 530 (9th Cir. 2003) (quoting C.I.S.G., art. 1(1)(a), 15 U.S.C.App., 52 Fed.Reg. 6262 (March 2, 1987)) (internal quotation marks omitted). Both the United States and Canada are "contracting states" to the C.I.S.G. *Id.*; *see also* United Nations Commission on International Trade Law ("UNCITRAL") C.I.S.G. status page, http://www.uncitral.org/uncitral/en/uncitral_texts/sale_goods/1980CISG_status.html (last visited July 9, 2019). Neither party addresses the applicability of the C.I.S.G. to the present dispute. In any renewed briefing on a motion to dismiss on the basis of the forum selection clause, both parties shall address whether the C.I.S.G. governs the contractual issues present, and, if so, present their analyses accordingly. *See Golden Valley Grape Juice and Wine, LLC v. Centrisys Corp.*, 2009 WL 4828743, No. CV F 09-1424-LJO-GSA, at *10-11 (E.D. Cal. Dec. 9, 2009) (ordering supplemental briefing on applicability of the C.I.S.G. to dispute over incorporation of forum selection clause into international contract for the sale of goods). The

Court is not deciding at this time that the C.I.S.G. governs this dispute, and if a party contends choice-of-law or other analysis dictates a different controlling law other than the C.I.S.G., the party shall apply that law in any renewed briefing.

(2) Assuming without deciding that the forum selection clause is enforceable in this case, the Defendants seek to enforce that clause via a 12(b)(3) motion. The Supreme Court held in *Atlantic Marine Constr. Co. v. United States Dist. Court for W. Dist. of Tex.* that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." 571 U.S. 49, 55 (2013); *see also Yei Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087-88 (9th Cir. 2018) (applying *Atlantic Marine*). Both parties appear to rely upon and apply pre-*Atlantic Marine* law only. Neither party addresses nor applies the doctrine of *forum non conveniens*, and the Court cannot issue any order regarding the forum selection clause on the basis of the briefing before it. Both parties are ordered in any renewed motion to dismiss briefing to present their analyses according to the *forum non conveniens* framework described in *Atlantic Marine* and its progeny.

Therefore, Defendant's motion is **DENIED without prejudice.**

IT IS SO ORDERED.

Dated: **July 11, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE