# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HELLENIC PETROLEUM LLC, a Florida limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**ELBOW RIVER MARKETING LTD., a Corporation of the Province of Alberta, Canada, and DOES 1 through 20,**<br><br>Defendants. | 1:19-cv-00483-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS ON THE BASES OF *FORUM NON CONVENIENS* AND RULE 12(b)(6).**<br>**(ECF NO. 15)** |

## I. INTRODUCTION

This case arises out of a transaction in which Plaintiff Hellenic Petroleum LLC ("Hellenic Petroleum" or "Plaintiff"), a U.S. company whose principal place of business is in Florida, purchased propane from Elbow River Marketing LTD ("Elbow River"), a Canadian company whose principal place of business is in Alberta, Canada. ECF No. 1 ¶¶ 1-2. After this action was filed in April 2019, Elbow River filed its first motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), arguing that the Alberta courts in Canada had exclusive jurisdiction over this case based on a forum-selection clause. Doubting that the motion to dismiss was brought under the correct principles of law given that an international sales contract was at issue in this case, the Court, on July 11, 2019, denied the motion without prejudice and instructed Elbow River to brief the Court further on the applicability of the United Nations Convention on Contracts for the Internal Sale of Goods ("CISG") and *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013) in a subsequent motion to dismiss. ECF No.

1

1 at 1-3.

Accordingly, Elbow River filed a second Motion to Dismiss on July 25, 2019 to address those issues raised by the Court. ECF No. 15. Elbow River now asks the Court to dismiss this action under the doctrine of *forum non conveniens* pursuant to the forum-selection clause in the parties' agreements or, in the alternative, to dismiss all five causes of action for failure to allege sufficient facts under Federal Rule of Civil Procedure 12(b)(6). Hellenic Petroleum then filed its Opposition on August 29, 2019, followed by Elbow River's Reply on September 5, 2019. ECF Nos. 17-19.

Pursuant to Local Rule 230(g), the Court finds this matter suitable for a decision on the papers. For the reasons stated below, the Court needs further briefing from the parties before it can determine whether to grant Hellenic Petroleum leave to amend its first cause of action for breach of oral contract.

## II. **BACKGROUND**

The following facts are drawn from the Complaint, and are accepted as true only for the purposes of this Motion to Dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The parties made an oral agreement in or around October 2018 to limit Elbow River's delivery of propane on Hellenic Petroleum's account to a monetary value not exceeding $1 million. ECF No. 1 ¶¶ 10, 14. Elbow River breached this oral agreement by delivering $2.2 million in propane to Hellenic Petroleum without its consent or knowledge. *Id.* ¶ 11. As a result, Hellenic Petroleum asserts the first cause of action for breach of oral contract against Elbow River and the second cause of action for declaratory relief asking the Court to adjudicate the parties' rights and obligations under the oral agreement. *Id.* ¶¶ 8-15.

Hellenic Petroleum also asserts a third, fourth, and fifth causes of action for trade libel, negligent interference with the prospective economic relations, and violation of the California Business & Professions Code §§ 17200, *et seq.*

## III. **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The inquiry is generally limited to the allegations made in the complaint.  *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed."  *Twombly*, 550 U.S. at 570.

## IV. **ANALYSIS**

"In *Atlantic Marine*, the Supreme Court addressed the procedures available to a civil defendant seeking to enforce a valid forum-selection clause.  The Supreme Court held that 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.'"  *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 913 (9th Cir. 2019) (citing to *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 61, 134 S. Ct. 568 (2013)).  Pursuant to *Atlantic Marine*, Elbow River now invokes the *forum non conveniens* doctrine and submits evidence of the parties' written agreements concerning the sales of the propane to show that there is a forum-selection clause in the agreements requiring Hellenic Petroleum to submit to the jurisdiction and law of Alberta, Canada.  ECF No. 15 at 10-17; ECF No. 16 ¶¶ 11-13 (citing to Exhs. 1-5).  Elbow River thus asks the Court to dismiss this action pursuant to the forum-selection clause.  ECF No. 15 at 10-17.  In opposition, Hellenic Petroleum contends that it is not pleading a breach of contract

3

based on the written agreements; rather, its first cause of action is based on a breach of an independent oral agreement, which does not contain a forum-selection clause. ECF No. 17 at 1. Given Hellenic Petroleum's argument, the Court must first consider the sufficiency of Hellenic Petroleum's allegations under Rule 12(b)(6) as to the existence of an independent oral contract. If Hellenic Petroleum sufficiently alleges a breach of an independent oral agreement, then the forum-selection clause in the written agreements does not apply here. The Court begins its analysis of the oral contract under the CISG.

"'The CISG is an international treaty that governs the formation of international sales contracts as well as the rights and obligations of the parties.' The CISG applies to 'contracts of sale of goods between parties whose places of business are in different States . . . when the States are Contracting States.'" *Martini E Ricci Iamino S.P.A.--Consortile Societa Agricola v. Trinity Fruit Sales Co.*, 30 F. Supp. 3d 954, 965 (E.D. Cal. 2014) (citations omitted). Hellenic Petroleum and Elbow River are incorporated in the United States and Canada, respectively, ECF No. 1 ¶¶ 1-2, and both nations are signatories to the CISG, *Chateau des Charmes Wines Ltd. v. Sabate USA Inc.*, 328 F.3d 528, 530 (9th Cir. 2003) (citing to 15 U.S.C. App.). Thus, the Court concludes (and the parties generally agree) that CISG governs whether Hellenic Petroleum has sufficiently alleged the formation of an oral contract on sales of the propane. ECF No. 15 at 8-10; ECF No. 17 at 4-6.

Hellenic Petroleum alleges in a conclusory manner that "[t]he essential terms of this agreement was that the limit on the account would not exceed $1 million dollars." ECF No. 1 ¶ 10. Article 14(1) of the CISG states that "[a] proposal for concluding a contract addressed to one or more specific persons constitutes an offer if it is sufficiently definite and indicates the intention of the offeror to be bound in case of acceptance," CISG Art. 14(1), and Article 15(1) states that "[a]n offer becomes effective when it reaches the offeree," CISG Art. 15(1). Moreover, "[a] statement made by or other conduct of the offeree indicating assent to an offer is an acceptance. Silence or inactivity does not in itself amount to acceptance," but "[a]n acceptance of an offer becomes effective at the moment the indication of assent

4

reaches the offeror." CISG Art. 18(1)-(2). The Complaint, however, fails to allege an offer and Elbow River's acceptance of that offer as required by Articles 14-15 and 18 of the CISG.

Another missing element is consideration. However, CISG is neither explicit nor specific on the element of consideration, but "[b]ecause caselaw interpreting the CISG is relatively sparse, [courts are generally] authorized to interpret it in accordance with its general principles, 'with a view towards the need to promote uniformity in its application and the observance of good faith in international trade.'" *Hanwha Corp. v. Cedar Petrochemicals, Inc.*, 760 F. Supp. 2d 426, 430 (S.D.N.Y. 2011) (citation omitted). In particular, "[c]aselaw interpreting analogous provisions of Article 2 of the Uniform Commercial Code ('UCC')[] may . . . inform a court where the language of the relevant CISG provisions tracks that of the UCC." *Delchi Carrier SpA v. Rotorex Corp.*, 71 F.3d 1024, 1028 (2d Cir. 1995); *see also Martini E Ricci Iamino S.P.A.*, 30 F. Supp. 3d at 965 ("CISG is the international analogue to Article 2 of the Uniform Commercial Code."). The Court therefore looks to Article II of the UCC for guidance on the element of consideration. Under that article, "[v]alue is any consideration sufficient to support a simple contract," but "[a]bsence or failure of consideration is matter of defense as against any person not a holder in due course . . . ." ULA Appendix I, Uniform Commercial Code §§ 25, 28. Hellenic Petroleum, however, fails to allege what was the consideration for limiting the delivery of propane on its account to $1 million. ECF No. 1. Without consideration, it appears to the Court that the oral agreement to limit the delivery of propane has an effect of amending the written agreements, as opposed to an independent contract.

Furthermore, Elbow River argues that Hellenic Petroleum fails to allege sufficiently a breach of oral contract because under Article 52(2) of the CISG, "[i]f the seller delivers a quantity of goods greater than that provided for in the contract, the buyer may take delivery or refuse to take delivery of the excess quantity. If the buyer takes delivery of all or part of the excess quantity, he *must pay* for it at the contract rate." CISG Art. 52(2) (emphasis added). Hellenic Petroleum pleads that it has "suffered damages (including but not limited to storage and transportation costs) legally and proximately as a

5

result of Defendant's breach by sending unauthorized propane deliveries in excess of $1.2 million, and wrongfully billing for such delivery contrary to law . . . ." ECF No. 1 ¶ 12. A reasonable inference of this allegation suggests that Hellenic Petroleum accepted the excess delivery and, as a result, suffered damages. Based on this inference, Elbow River contends that Hellenic Petroleum has no claim for breach of oral agreement under CISG Art. 52(2) because it accepted excess delivery and is obligated to pay for the delivery. ECF No. 15 at 9.

Contesting the reasonable inference above, Hellenic Petroleum argues in opposition that it has not explicitly pled that it had accepted the excess delivery. ECF No. 17 at 18. Even if the Court were to accept this argument, it is unclear from the Complaint then what damages Hellenic Petroleum has suffered if it did not accept the excess delivery. A conclusory allegation that Hellenic Petroleum has suffered damages as a result of the breach of oral contract is insufficient. "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *In re Nat'l Football League's Sunday Ticket Antitrust Litig.*, 933 F.3d 1136, 1149 (9th Cir. 2019) (internal quotation marks omitted and citation omitted).

For the foregoing reasons, the Court finds that Hellenic Petroleum has failed to allege a sufficient and plausible breach of oral contract claim. The question now is whether Plaintiff should be given leave to amend the first cause of action.[1] "In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted and citation omitted). Given the seriousness of the above defects, the Court cannot envision how Hellenic Petroleum could possibility cure them by

---

[1] If, arguendo, Plaintiff is able to state a breach of contract claim based upon the existence of an oral contract that is independent of any written contract containing a forum selection clause, this Court's analysis of the *forum non conveniens* issue would be dramatically different than under a scenario where Plaintiff stated no such claim.

6

alleging other facts. Nevertheless, in light of the judicial policy to grant requests for leave to amend with "extreme liberality," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (internal quotation marks omitted and citation omitted), the Court grants Hellenic Petroleum an opportunity to brief the Court on how it could cure all the pleading defects identified herein.

### **V. CONCLUSION AND ORDER**

For the aforementioned reasons, within 14 days from the date of this order, Hellenic Petroleum may file a supplemental brief not exceeding five pages in length. Elbow River may file a supplemental response thereto not exceeding five pages within 28 days of this order.

IT IS SO ORDERED.

Dated: **November 18, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE